Per Curiam.

The provisions of Section 13 of Article IV of the Ohio Constitution are dispositive of this case. That section reads as follows:
“In case the office of any judge shall become vacant, before the expiration of the regular term for which he was elected, the vacancy shall be filled by appointment by the Governor, until a successor is elected and has qualified; and such successor shall be elected for the unexpired term, at the first general election for the office which is vacant that occurs more than forty days after the vacancy shall have occurred; provided, however, that when the unexpired term ends ivithin one year immediately following the date of such general election, an election to fill such unexpired term shall not be held and the appointment shall be for such unexpired term.” (Emphasis supplied.)
Such provisions, as amended in 1942, are specific, control in the instant case over general provisions of the Constitution, and were not repealed by implication by the amendment in 1947 of Section 2 of Article XVII of the Constitution. State, ex rel. Hoyt, v. Metcalfe, 80 Ohio St., 244, 88 N. E., 738.
The writ of mandamus is denied.

Writ denied.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman, Stewart and Lamneck, JJ,, concur.